[L. A. No. 5805. In Bank.—August 5, 1918.]

BOYCE R. FITZGERALD, Petitioner, v. F. E. SMITH,
County Clerk, etc., Respondent.

ELECTIONS — DIRECT PRIMARY LAW — NOMINATION OF CANDIDATES—
OFFICES TO BE FILLED.—Under the direct primary law, candidates
may be nominated at the primary for such offices only as may
properly be included in the notices required to be given by section
4 of the law, and where such notices were given prior to the resigna-
tion of an elective officer, no candidate for such office can be
nominated, but must be nominated in the manner prescribed by
section 1188 of the Political Code.

APPLICATION for a Writ of Prohibition originally made
to the Supreme Court to restrain a county clerk from placing
on an official primary election ballot the names of candidates
for the office of judge of the Superior Court for an unexpired
term.

The facts are stated in the opinion of the court.

Foster & Barnhart, for Petitioner.

Anderson & Borton, for Respondent.

THE COURT.—The respondent is about to place on the
official primary election ballot to be used in Kern County
at the primary election to be held on August 27, 1918, as
candidates for the office of judge of the superior court of
Kern County for the unexpired term of Honorable Milton
T. Farmer, resigned, the names of three candidates who have
filed nomination petitions in form as required by the direct
primary law. The resignation of Judge Farmer as judge
of the superior court of Kern County was not filed until
July 11, 1918, on which date it was, by the Governor duly
accepted. Concededly an election for the unexpired term
must take place at the next general election to be held in
November, 1918, but it is claimed that under the circum-
stances of this case candidates for such office may not be
voted for at the August primary.

We are of the opinion that this claim is well based. The
direct primary law requires, for the purpose of acquainting

the electors with the names of the offices for which candidates may file nomination petitions and be voted for at the primary election, that certain notices shall be given, the first at least seventy days before the date of the primary by the Secretary of State to the county clerks and registrars, designating all the offices except township offices, for which candidates are to be nominated at such primary election, and the second, one given by the county clerk or registrar in each county and city and county by publication in a newspaper or newspapers published in such county or city and county, commencing within ten days after receipt by him of such notice from the Secretary of State, which notice shall include a designation of all the offices for which candidates are to be nominated at such primary election. (Direct Primary Law, sec. 4; Stats. 1913, p. 1382, as amended by Stats. 1917, p. 1344, sec. 3). These notices were given prior to the resignation of Judge Farmer and, of course, they did not, and could not, include any designation of this office as one of the offices for which candidates were to be nominated.

We are satisfied that a proper construction of the primary law requires the conclusion that candidates may be nominated at the primary for such offices only as may properly be included in the notices thus provided for. It is the condition existing at the time prescribed by the law for the giving of the notices that controls, in so far as the primary is concerned. For the purposes of the primary the situation here is the same as it would have been if Judge Farmer had not resigned until the time for the filing of nomination petitions had expired. Under the circumstances no candidate for this office can be nominated at the primary, with the result that the candidates to be voted for for such office at the general election in November must be nominated in the manner prescribed by section 1188 of the Political Code.

It is ordered that the respondent omit from the official primary election ballot to be used at the primary election of August 27, 1918, all mention of the office of judge of the superior court for the unexpired term of Judge Farmer and of all names of any persons who have filed nomination petitions therefor.